UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WASHINGTON TRUST BANK,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>R&O DEVELOPMENT LLP, a Washington limited liability partnership; OLGA-ALBERTOVNA YAGUDINA, an individual; and JUNUS ROCHETTE MCGRAW, an individual,<br><br>　　　　　　Defendants. | Case No. 2:24-cv-00488-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendants' Application for Leave to Proceed In Forma Pauperis. Dkts. 1, 7. Under 28 U.S.C. § 1915, the Court must review Defendants' application to determine whether they are entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Defendants' Complaint to ensure it meets the minimum required standards to proceed in forma pauperis. *See* 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court DENIES Defendants' application to proceed in forma pauperis and REMANDS this case back to the Spokane County Superior Court.

## II. BACKGROUND

On February 14, 2024, this case was filed by Plaintiff Washington Trust Bank in the State of Washington, Spokane County Superior Court.[1] After proceeding in that court for eight months, on October 15, 2024, Defendants filed a Notice of Filing Petition for Removal to US District Court. *Id.* Two days later, on October 17, 2024, Defendants filed both an Application for Leave to Proceed in forma pauperis (Dkt. 1) and a Notice of Removal (Dkt. 2) with the Court.[2] The parties dispute whether Defendants provided notice to Washington Trust Bank of the filings with the Court, but Defendants did provide a copy of a pdf attached to an email allegedly providing notice of the removal. Dkt. 4, at 4; Dkt. 8, at 5, 13–15.

In their Application, Defendants initially provided no information about their expenses or income, maintaining throughout that the information was "private," and that they would not reveal it "unless necessary and required by law." Dkt. 1, at 2. Defendant McGraw later provided a supplemental application (Dkt. 7) which gave additional information as to his finances. In that application, he and his spouse have a combined total income of $6,149 per month, with his portion coming from disability and hers from self-

---

[1] *Case no. 24-2-00837-32*, Spokane County Court Viewer, https://cp.spokanecounty.org/courtdocumentviewer/PublicViewer/SCAllCasesByCaseNumber.aspx (last visited Nov. 12, 2024).

[2] Only Defendants Junus-Rochette McGraw and Olga Albertovna Yagudina signed the original Application to Proceed In Forma Pauperis. It is unclear from the filings how Yagudina and McGraw are connected to each other or how they are connected to R&O Development. Given that R&O Development is not represented by counsel and still is referenced as a party requesting removal on the Notice of Removal (Dkt. 2, at 5), the Court presumes that McGraw is attempting to represent R&O Development himself. The Court suspects, since Defendants Yagudina and McGraw have the same address and only McGraw submitted an updated in forma pauperis application which contained spouse information, that Yagudina is the "spouse" referenced on the application in docket 7.

MEMORANDUM DECISION AND ORDER - 2

employment. *Id.* at 2. Their cash on hand totals $1,160. *Id.* at 3. They own a 2022 Kia Sorento self-valued at $40,000, and a 2023 Kia Sportage (which they did not value). *Id.* Their expenses total $5,250[3] each month, and they have four children. *Id.* at 4–5.

Defendants did not provide any additional documentation with their Notice of Removal in violation of this Court's rules. *See* Dist. Idaho Loc. Civ. R. 81.1 (outlining that a copy of the entire state court record must be included with any notice of removal). Defendants are alleging the Court has diversity jurisdiction over this case as they are countersuing Washington Trust Bank for $15 million dollars, and the parties are completely diverse. Dkt. 2, at 2. Defendants allege the parties are completely diverse because Washington Trust Bank is incorporated and headquartered in Washington State, Defendant R&O Development LLP is "registered" in Washington but has its principal place of business in Idaho, and Defendants McGraw and Yagudina are both domiciled in Idaho. *Id.* In the alternative, Defendants allege the Court has federal question jurisdiction based on the allegations in the counterclaim. *Id.* at 2, 5.

Washington Trust Bank has filed notice of its intent to seek remand should the Court allow the case to proceed in federal court. Dkt. 4.

### III. LEGAL STANDARD

A. **Removal to Federal Court**

Put simply, a case may only be removed to federal court if the Plaintiff originally could have filed the case in federal court but chose to file in state court instead. If not, the

---

[3] This is slightly different from the total provided by the Defendants, but it seems that food expenses were accounted for twice, so the Court removed the double-counted amount of $400. *See* Dkt. 7, at 4.

district court does not have subject matter jurisdiction over a case and cannot hear it. *See* U.S. Const. art. III, § 2, cl. 1. Under the well-pleaded complaint rule, a case can be filed in federal court only when the plaintiff's statement of his own cause of action—i.e. the complaint—shows that the federal court can properly exercise jurisdiction. *See Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *see also Franchise Tax Bd. Of Cal. V. Construction Laborers Vacations Trust for Southern Cal.*, 463 U.S. 1, 10 (1983) ("The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction.")

Federal jurisdiction cannot be established using an actual or anticipated defense or a counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *see also Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) ("[T]he well-pleaded complaint rule, properly understood, [does not] allo[w] a counterclaim to serve as the basis for district court's 'arising under' jurisdiction.").

Under 28 U.S.C. § 1331, district courts have original jurisdiction of all civil actions arising under "the Constitution, laws, or treaties of the United States." A defendant may remove an action brought in state court to the district court if the district court has original jurisdiction. "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States . . . *embracing the place where such action is pending.*" 28 U.S.C. § 1441(a) (emphasis added). A case may also be removed based on diversity jurisdiction where there is complete diversity between the parties, the amount in controversy is more than $75,000, and no defendant is a citizen of the state in which an action is originally

brought. 28 U.S.C. § 1441(b); 28 U.S.C. § 1332(a)(1).

Federal district courts are courts of limited jurisdiction and are "presumed to lack subject matter jurisdiction until the contrary affirmatively appears." *Dragovich v. United States Dep't of Treasury*, 764 F.Supp.2d 1178, 1184 (N.D. Cal. 2011). The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). When an action is removed to federal district court from state court, the district court has "broad discretion" to remand the removed claim or cause of action. 28 U.S.C. § 1452(b); *see also* 28 U.S.C. § 1446(c)(4) (noting that if a court finds "that removal should not be permitted, the court shall make an order for summary remand").

In every removal situation, if a defendant wishes to remove an action from state court to federal court, notice of removal must be filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). However, in cases removed solely on the basis of federal question jurisdiction, "all defendants who have been properly joined and served must join in or consent to removal of action." 28 U.S.C. § 1446(b)(2)(a).

B. **Application for Leave to Proceed in Forma Pauperis**

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis

MEMORANDUM DECISION AND ORDER - 5

status, an applicant must submit an affidavit that includes a statement of all assets they possess which indicated they are unable to pay the fee required. The affidavit is sufficient if it states that the applicants, because of their poverty, cannot "pay or give security for the costs" and still be able to provide for themselves and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007)). The litigant cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se litigants the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, litigants—whether represented or not—have the burden of

articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, litigants should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## IV. ANALYSIS

### A. Removal to Federal Court

The Defendants' attempted removal here is riddled with procedural deficits. First and foremost, this case was originally filed in Spokane County Superior Court, and Washington Trust Bank is correct in its contention that any removal to federal court would need to be to the Eastern District of Washington as that is the federal district court which correlates to the Spokane County Superior Court.[4] *See* Dkt. 4, at 3. Additionally, Defendants attempt to remove is untimely, as they were served on April 17, 2024, but failed to file a notice of removal until October 17, 2024, well past the 30-day deadline.[5] Dkt. 4, at 3. Even if Defendants provided notice of the filing of removal to Washington Trust Bank as required by 28 U.S.C. § 1446(d), the other procedural issues bar this case from being heard in the District of Idaho.

---

[4] Defendants contend that the District of Idaho is the proper federal court for removal because the promissory note contains a "Governing Law clause requiring Idaho law and a Venue clause specifying Kootenai County, Idaho, as the designated jurisdiction." Dkt. 8, at 2. However, removal jurisdiction is not dictated by a choice of venue clause in a contract. Rather, the proper district court for removal is determined by where the original state claim was filed, even if Defendants argue the original state claim should have been filed somewhere else.

[5] Defendants incorrectly argue that 28 U.S.C. § 1446(b)(3) "allows removal based on federal questions arising later in litigation." Dkt. 8, at 4. Rather, a case can become removeable where previous pleadings (like a complaint) are amended, and the amendment now makes federal jurisdiction proper. The requirement that a federal court's removal jurisdiction cannot be based on a counterclaim still applies.

MEMORANDUM DECISION AND ORDER - 7

Setting that aside, Defendants did not provide the original Complaint (or any of the state court documents) that Washington Trust Bank filed in Spokane County Superior Court, and their failure to do so creates a host of problems beyond not complying with 28 U.S.C. § 1446(a). As discussed above, the well-pleaded complaint rule requires access to the original complaint for the Court to confirm it has subject matter jurisdiction. Without such access, the Court is unable to determine whether Washington Trust Bank's cause of action arises under federal law, giving it federal question jurisdiction. And despite Defendants' allegations that Washington Trust Bank has violated federal law, Defendants counterclaim cannot serve as the basis for federal question jurisdiction itself. *Vaden*, 556 U.S. at 6; *Holmes Group*, 535 U.S. at 830 ("[T]he well-pleaded complaint rule, properly understood, [does not] allo[w] a counterclaim to serve as the basis for district court's 'arising under' jurisdiction.").

Defendants similarly fall short of establishing diversity jurisdiction. First, because the Court does not have access to the original Complaint, it cannot determine what the original amount in controversy was. Just as above, Defendants' counterclaim for $15 million in damages cannot satisfy the amount in controversy requirement, and even if it could, the Defendants have not provided any facts that would support damages in that amount.

Perhaps more importantly, there is not complete diversity between the parties. Because R&O Development is "registered" (and presumably incorporated) in Washington, R&O Development is a "citizen" of both Washington, where it is incorporated, and of Idaho, where its principal place of business is located. *See* 28 U.S.C. § 1332(c)(1). Because

Washington Trust Bank is also a citizen of Washington, complete diversity is destroyed. Even if this weren't the case, because one of the Defendants is a citizen of the state in which the state case was originally filed, the case cannot be removed to federal court based on diversity jurisdiction. 28 U.S.C. § 1441(b)(2).[6]

Overall, Defendants have not met their burden to establish federal jurisdiction, and as such, the Court must remand the case.

### B. Application for Leave to Proceed in Forma Pauperis

Defendants' Application for Leave to Proceed in Forma Pauperis (Dkt. 7), even as updated, does not establish that Defendants cannot pay the fee. Defendants initially maintained they have a right to privacy when it comes to their financial information (Dkt. 1), but disclosure of such *is* "necessary and required by law" when someone is seeking to proceed in forma pauperis. The Defendants provided an updated application (Dkt. 7) after opposition from Washington Trust Bank, but after accounting for income and expenses each month, the Court finds Defendants have $899 left over after essential expenses are covered. This does not account for the money currently in Defendants' bank account or the

---

[6] Washington Trust Bank claimed removal was improper because R&O Development could not consent to removal as required because McGraw was improperly representing the company *pro se*. Defendants strongly oppose that position, claiming McGraw has an interest in defending his property and interests. Dkt. 8, at 3. McGraw has a right to represent himself *pro se*, but no business can be represented *pro se* in federal court. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) ("…[A] corporation may appear in the federal courts only through licensed counsel."). *See also* Dist. Idaho Loc. Civ. R. 83.4(d) (outlining that an entity may appear "only by an attorney of the bar of this Court or an attorney permitted to practice under" the rules of the District of Idaho). Defendants' contention that an attorney's licensing is just a "status," and practicing law is a fundamental right, is wholly incorrect and undermines the extensive legal training and testing attorneys must undergo to become licensed. While Defendants demand "licensing proof" from Jeremy Zener, he has already provided such proof in the form of his license number with the Idaho State Bar (10479). However, whether R&O Development properly consented to removal is immaterial here because Defendants were seeking removal based not only on diversity jurisdiction but on federal question jurisdiction as well. *See* 28 U.S.C. § 1446(b)(2)(a).

MEMORANDUM DECISION AND ORDER - 9

two relatively new cars they possess. The Court does not find that requiring Defendants to pay the filing fee of $405 would prevent them from providing for the "necessities of life" for themselves or their children. Therefore, the Defendants' Application for Leave to Proceed in forma pauperis is DENIED.

The Court also briefly notes that, had it not already dismissed the case for lack of subject matter jurisdiction, the Defendants failure to provide a complaint would disqualify them from proceeding in forma pauperis. There is no claim upon which relief can be granted. Even if the Court were to consider Defendants' allegations in the Notice of Removal, the Defendants only claimed Washington Trust Bank violated certain statutes but did not provide any facts on what those violations entailed. Dkt. 2. Even construing Defendants' pleadings liberally because they are *pro se*, Defendants did not articulate any claims or facts such that the Court could review them. While the Court often gives *pro se* applicants leave to amend their complaint and application to proceed in forma pauperis, the procedural shortcomings in Defendants' removal are so numerous that any amendments are not likely to remedy any deficiencies. As such, the Court will not allow for any amendments.

## V. CONCLUSION

Defendants' attempted removal of this case was to the wrong federal district court and untimely. They also failed to comply with the local rules regarding removal and document production. But above all, the Court lacks subject matter jurisdiction over the claims at issue. As a result, this case must be remanded. Additionally, Defendants can provide for the necessities of life and still pay the federal filing fee, so their Application to

Proceed in Forma Pauperis is denied.

## VI. ORDER

1. Due to the Court's lack of subject matter jurisdiction, this case is REMANDED to Spokane County Superior Court.

2. Defendants Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is DENIED WITH PREJUDICE.[7]

DATED: November 20, 2024

_____
David C. Nye
Chief U.S. District Court Judge

---

[7] Although the Court is denying Defendant's application to proceed in forma pauperis, it will not require the actual filing fee because it is remanding the case.